PEOPLE v. SMITH

RAPE—EVIDENCE—IDENTIFICATION—WITNESSES—CREDIBILITY.

The accuracy of a rape complainant's identification of defendant as her assailant, as well as disparities in the testimony of the people's other witnesses, presented issues of credibility for the jury and where the record showed that complainant not only saw her assailant's face at the time of the offense but also at trial positively identified defendant as her attacker, the foundation for her identification and the other evidence were sufficient to justify a verdict of guilty (MCLA § 750-.520).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 April 9, 1970, at Detroit. (Docket No. 7,672.) Decided May 1, 1970.

Jerry Beady Smith was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Ellmann & Ellmann,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur, Rape §§ 74, 101, 111.

Before: J. H. Gillis, P. J., and V. J. Brennan and Weipert,* JJ.

Per Curiam. Defendant was charged with rape. MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). The case was heard by a jury which rendered a verdict convicting defendant as charged. On appeal, defendant asserts that the complaining witness's identification of defendant as her assailant was grossly inaccurate. The record, however, discloses sufficient foundation for an identification by the complainant of her attacker. The witness saw her assailant's face at the time of the offense; she positively identified defendant at trial. Whether she was mistaken was clearly a question of credibility, and hence within the province of the jury. *People* v. *Caldwell* (1969), 20 Mich App 224.

The alleged disparities in the testimony of the people's witnesses also presented issues of credibility for resolution by the trier of fact. A review of the entire record leads us to conclude that sufficient evidence existed to justify the verdict of the jury.

Affirmed.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.